FILED
IN CLERK'S OFFICE 5/28/13
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 24 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEORGE HEATH,

                Plaintiff,

     -against-

JUSTICES OF SUPREME COURT, NEW
YORK COUNTY; JUSTICES OF
APPELLATE DIVISION (1 DEPT.);
JUSTICES OF N.Y. STATE COURT OF
APPEALS; JUSTICES OF UNITED STATES
DISTRICT COURT (E.D.N.Y.); and
JUSTICES OF U.S. COURT OF APPEALS
(2d Cir.); each of the above in their individual
and official capacity,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
13-CV-2419 (CBA)

AMON, Chief United States District Judge:

      Plaintiff George Heath filed this *pro se* action on April 22, 2013 and paid the $350 filing fee. Plaintiff brings suit against federal and state judges challenging orders that were made during the course of litigation involving plaintiff's alleged rights to royalties from the film "Dog Day Afternoon."

**I. Rule of Necessity**

      As an initial matter, the Court addresses whether it can hear this case. Ordinarily, 28 U.S.C. § 455(b)(5)(i) requires a judge to disqualify him or herself from a proceeding in which he or she is a party. "However, under the 'rule of necessity,' a judge is qualified to decide a case even if he has an interest in it when 'the case cannot be heard otherwise.'" Tapia-Ortiz v. Winter, 185 F.3d 8, 10 (2d Cir. 1999) (quoting United States v. Will, 449 U.S. 200, 213 (1980)).

Here, plaintiff has sued all of the judges of the Eastern District of New York. Although the case could conceivably be transferred to another district, transfer is not required where the plaintiff has indiscriminately sued all the judges of this district, even those who were never involved in any of the cases regarding plaintiff's rights in "Dog Day Afternoon." See Tapia-Ortiz, 185 F.3d at 10 ("That it is possible to convene a disinterested panel in another circuit does not require transfer here, where appellant has indiscriminately named all then-current Second Circuit judges as defendants, even those who had no role in deciding either of his appeals."); see also In re City of Houston, 745 F.2d 925, 930-31 n. 9 (5th Cir. 1984) (noting that rule of necessity may be invoked when all judges of a district are disqualified even if judges in other districts would be qualified); Andersen v. Roszkowski, 681 F.Supp. 1284, 1289 (N.D.Ill. 1988) ("The Court will not allow plaintiffs to impede the administration of justice by suing every district court judge in the Northern District of Illinois until their case is transferred out of the Seventh Circuit."), aff'd, 894 F.2d 1338 (7th Cir. 1990). Accordingly, pursuant to the rule of necessity, the Court finds that it may hear and resolve this case.

## II. Filing Injunction

By order dated June 16, 1986, plaintiff was permanently enjoined from filing any new civil action concerning his rights to royalties from "Dog Day Afternoon," or challenging the application of Section 632-a of the New York Executive Law in any federal court, agency, tribunal, committee or other federal forum of the United States without first seeking leave of the Court. See Heath v. Warner Commc'ns, Inc., No. 85 Civ. 1269 (MJL) (S.D.N.Y. June 16, 1986) (order of permanent injunction); see also Heath v. Warner Commc'ns, No. 85 Civ. 1269 (MJL), 1986 WL 6169 (S.D.N.Y. May 27, 1986) (memorandum and order explaining background of

case and basis for injunction).[1]

Although Heath has reformulated his claims in the instant action to direct them against the judicial officers involved in his many lawsuits rather than the media companies and other entities on which he had heretofore focused his energies, this suit is yet another attempt by plaintiff to recover royalties from the film allegedly due to him and thus falls within the scope of the filing injunction. As plaintiff has not sought leave to file this action as required by the injunction, the instant action may be dismissed on that basis alone.

### III. Judicial Immunity

Even if plaintiff were not barred by the injunction, plaintiff could not maintain this action against any of the named defendants because they are entitled to absolute judicial immunity. Judges have absolute immunity for judicial acts performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 10 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009); Gamez v. U.S. Dist. Ct. Eastern & Southern Dist. Of - Tyranny, NY., No. 11 CV 4068, 2011 WL 3949807, at *1 (E.D.N.Y. Sept. 6, 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .'" Stump, 435 U.S. at 356-67 (quoting Bradley v. Fisher, 80 U.S. 335, 351 (1871)) (footnote omitted). As all of the actions taken by the judicial defendants and complained of by plaintiff in this case were actions taken in their judicial capacity in connection with plaintiff's federal and state court proceedings, plaintiff's claims are foreclosed by

---

[1] The Court notes that on November 17, 2011, the New York State Appellate Division, First Department also found that "given plaintiff's pattern of continuous and vexatious litigation concerning this subject matter for the past few decades, an injunction barring him from commencing new actions or proceedings seeking royalties from the film [Dog Day Afternoon] is warranted." Heath v. Wojtowicz, 89 A.D.3d 551, 551- 52 (1st Dep't. 2011) (citation omitted).

3

absolute immunity.

## CONCLUSION

This action is dismissed as barred by the filing injunction imposed by the United States District Court for the Southern District of New York. Plaintiff's claims are also barred by the doctrine of absolute judicial immunity. Defendants are not required to respond to this action, and the Clerk of Court is directed to close this case.

SO ORDERED.

/S/ Chief Judge Carol B. Amon
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
May 24, 2013

4